# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. 1:19-CR-402 WJ

KEITH CARTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

THIS MATTER IS BEFORE THE COURT on Defendant Keith Carter's *pro se* Emergency Motion for Discretionary Release into Home Confinement (**Doc. 86**). The Court, having reviewed the briefing[1] and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

In March 2020, Defendant pleaded guilty to being a felon in possession of a firearm and was sentenced to 46 months imprisonment. (Doc. 83). Defendant, who is currently incarcerated at the Otero County Prison Facility ("Otero County"), spends much of his instant Motion attacking the prison's conditions, arguing that officials there are "wholly incompetent and unqualified to deal with" the COVID-19 pandemic. (Doc. 86 at 1.) Ultimately, Defendant asks the Court to order his release to home confinement in North Carolina pursuant to 18 U.S.C. § 3582 and a March 2020 memorandum authored by Attorney General Bill Barr regarding the Bureau of Prisons

---

[1] The briefing on this matter consists of Defendant's Motion and the Government's Response. (Docs. 86, 87.) Defendant did not file a Reply, and his time for doing so has lapsed. *See* D.N.M.LR-Crim. 47.8.

("BOP's") home confinement program ("Barr Memo").[2]  He cites his asthma as a basis for his request.  The Government opposes Defendant's request.

**DISCUSSION**

As a threshold matter, the Court notes that because Defendant is *pro se*, the Court must give liberal construction to his motion.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Arguably, Defendant's Motion could be interpreted as seeking release to home confinement or, given his citation to 18 U.S.C. § 3582, modification of his sentence.  As discussed below, both of these requests must be denied.

First, as to home confinement, this Court has no authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to this type of custody.  It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home.  *See  McKune v. Lile*, 536 U.S. 24, 39 (2002).  BOP retains complete discretion to determine where federal prisoners are housed.  *See* 18 U.S.C.  § 3621(b);  *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (citing *Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished)).

Here, Defendant does not cite any particular statutory basis for release to home confinement.  However, given his reference to the Barr Memo, (Doc. 86 at 13–14), the Court construes his request under 18 U.S.C. § 3624(c)(2), which authorizes BOP to place certain prisoners in home confinement.  But the unambiguous language in § 3624(c)(2), as modified by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), specifies that BOP—and only BOP—is statutorily authorized

---

[2] Attorney General Barr's memorandum is available at https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf (last visited July 7, 2020).

2

to release prisoners to home confinement.  *See United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020).  Additionally, while § 3624(c) *authorizes* release to home confinement, nothing in the statute (or the Barr Memo) *requires* such release.  Defendant's request would alter only where he is incarcerated, not  his term of incarceration.  Accordingly, because the Court lacks authority to designate the place of a prisoner's confinement, the Court must deny Defendant's request for release to home confinement.

Second, while Defendant's Motion is devoted mainly to his home confinement request, he also cites 18 U.S.C. § 3582, so the Court will analyze his arguments under this provision as well.  "Generally, a federal court may not modify a term of imprisonment once imposed."  *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A).  To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction."  *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies.  *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[3]  To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28

---

[3] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule.  *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases).  The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such.  Many other courts in this Circuit have concluded likewise.  *See United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).  However, even assuming the requirement is a claims-processing rule, the Court would nonetheless deny Defendant's motion for failure to exhaust, because courts are obligated to enforce such rules when raised by the Government.  *Read-Forbes*, 2020 WL 188856, at *4 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

C.F.R. § 571.61, and appeal a denial pursuant to § 571.63.  *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated and there is no action from the warden, a district court is empowered to consider the prisoner's § 3582(c) motion.

Here, while Defendant states that he filed a request citing extraordinary and compelling circumstances, he explains that this request was for home confinement—not a sentence modification.  Similarly, the grievance attached to his Motion, (Doc. 86 at 7–11), does not request a sentence modification.  As such, there is no evidence before the Court that Defendant followed the requirements of 28 C.F.R. § 571.61 with respect to his administrative remedies.  Therefore, the Court cannot conclude that Defendant has fulfilled the preliminary requirements of § 3582(c)(1)(A).

Additionally, the Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement.  *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (*quoting*  Ross v. Blake, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)). Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release.  Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

**CONCLUSION**

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population.  However, for all the foregoing reasons, Defendant's Emergency Motion for Discretionary Release into Home Confinement (**Doc. 86**) is DENIED.

**IT IS SO ORDERED.**

_____

CHIEF UNITED STATES DISTRICT JUDGE